CHAMPION PARTS REBUILDERS, INC.
v. ARKANSAS DEPARTMENT OF LABOR,
Charles L. DANIELS, Director and
Jay WHITNEY

CA 79-208                                594 S.W. 2d 868
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Released for publication March 19, 1980

720

*James H. Pilkinton, Jr.,* for appellant.

*Thelma M. Lorenzo,* for appellees.

GEORGE HOWARD, JR., Judge. Jay Whitney was dismissed from his job on May 11, 1979, by appellant on the grounds that he was causing dissension among the employees by criticizing appellant's vacation policy. The reason asserted for Whitney's termination was characterized as inefficiency.

Whitney filed a grievance with his union on May 14th. A hearing was conducted on May 17th. During the hearing, appellant agreed to rescind Whitney's termination and pay him for the days that he lost. However, at Whitney's request, appellant authorized him to take off two additional days in order to attend to some personal matters. It was understood, however, that Whitney would report for work on May 21st. Whitney did not report for work as he had agreed. On June 1, 1979, Whitney filed for unemployment benefits stating that he had last worked for appellant on May 11th and was discharged without cause.

Appellant resisted the claim asserting that while Whitney was discharged initially for misconduct within the meaning of Section 5(b)(1) of the Employment Security Law — for misconduct in connection with his work — appellant rescinded the dismissal and Whitney agreed to return to work on May 21st; that Whitney failed and refused to resume his status as an employee and, consequently, Whitney is dis-

qualified under Section 5(c)(2) for refusing available and suitable work.

The local agency held that Whitney was not guilty of any misconduct within the meaning of Employment Security Law 5(b)(1) — for misconduct in connection with his work — the ground which appellant asserted initially for terminating Whitney from his employment.

The appellant appealed to the Appeals Tribunal and argued that Whitney was disqualified because of his failure to accept suitable employment.

The Referee in stating the scope of the hearing, at the outset, stated:

"The primary issue involved is to determine if claimant was discharged from his last work for misconduct in connection with the work within the meaning of Section 5(b)(1) of the Arkansas Employment Security Law."

When appellant offered to establish its contention that appellee had failed to accept offered employment, the Referee said:

"Of course, the primary issue here today is was he fired and if so why. Whether he was subsequently offered rehire is really another issue, . . . ."

At another point during the hearing, the Referee observed:

"Ms. Fowler (representative of appellant), we've got two issues here today really, and we've only got one issue and second issue may arise subsequently. . . . the other issue of being recalled to work is not something we're going into today. That would be another, the Agency here would have to determine whether or not he refused an offer of work without good cause. . . . "

While there is some evidence in the record to the effect

that appellant offered to rehire Whitney without any conditions attached, Whitney testified to the contrary and further emphasized that he did not return to work, as he had agreed, because he was given additional work to perform. Appellant was not afforded the opportunity to fully develop its claim that Whitney had refused to accept available employment.

We are persuaded that all matters pertaining to Whitney's discharge and the purported offer and acceptance of his reinstatement should have been dealt with in this proceeding. The impracticality of disposing of issues on a piecemeal basis, when all parties are before the agency and all issues stem from the same facts and circumstances, is clear and beyond debate. The speedy resolution of all issues involving employment security, as in the instant case, not only conserves time and expense for all concerned and, in addition, relieves claimant and his family of inconvenience and hardship, but facilitates the economical use of the administrative machinery.

The notice of hearing to Whitney dated July 19, 1979, from the Appeals Tribunal made the following relevant observation:

> "You are notified that the hearing may involve *any question having a bearing on the claimant's right to benefits up to the time of the hearing.* . . . (Emphasis supplied)

Accordingly, we reverse and remand this proceeding with directions to afford both parties an opportunity to fully develop the facts and circumstances involving the discharge and the purported offer and acceptance of rehire.

Reversed and remanded.

PILKINTON, J., not participating.